Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1876 Greentree Rd
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiff, Lorraine Sapp

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| LORRAINE SAPP, | |
| Plaintiff | |
| | Civil Action No. _____ |
| v. | |
| | **COMPLAINT** |
| PREMIER EDUCATION GROUP, LP d/b/a | |
| HARRIS SCHOOL OF BUSINESS, SHARMONE WOODS, | |
| LORI BILDER, and HARRIS SCHOOL OF BUSINESS | Jury trial [x] yes [ ] no |
| STAFF 1-50, | |
| Defendants | |

_____

PARTIES

1. Plaintiff, LORRAINE SAPP, resides at 2312 Auburn Avenue, in the Township of Waterford (Atco), Camden County, New Jersey 08004.
2. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, is an educational institution with a facility location at 401 White Horse Road, in the Township of Voorhees, Camden County, New Jersey 08043, and a principal location at 100 South Shore Drive, Suite 125, East Haven, Connecticut 06512.
3. Defendant, SHARMONE WOODS, is an individual employed by Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, at the facility located at 401 White Horse Road, in the Township of Voorhees, Camden County, New Jersey 08043.
4. Defendant, LORI BILDER, is an individual employed by Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, at the facility located at 401 White Horse Road, in the Township of Voorhees, Camden County, New Jersey 08043.

5. Defendant, HARRIS SCHOOL OF BUSINESS STAFF 1-50, is a group of individuals employed by Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, at the facility located at 401 White Horse Road, in the Township of Voorhees, Camden County, New Jersey 08043.

## JURISDICTION

6. The basis for jurisdiction in this case is FEDERAL QUESTION, under 28 U.S.C. Sec. 1331, since the case involves an issue under federal law, Sec. 504 of the REHABILITATION ACT of 1973, 29 U.S.C. Sec. 794.

## STATEMENT OF THE CASE

7. Plaintiff, LORRAINE SAPP, single, is a female individual of age forty-three.
8. Plaintiff, LORRAINE SAPP, first met with Doug Lingo, an admissions officer for Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, at the facility located at 401 White Horse Road, in the Township of Voorhees, Camden County, New Jersey 08043, in May 2014.
9. At the May 2014 meeting, Doug Lingo explained to Plaintiff that the different types of programs available were multi-skill health technician (MST), health claims, personal medical assistant (PMA), surgical technician, and dental assistant.
10. Plaintiff, LORRAINE SAPP, informed the admissions office for Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, that she elected to enroll in the multi-skill health technician (MST) program.
11. The multi-skill health technician (MST) program enables its enrollees to be trained for employment as either a nurse's aide, phlebotomist, or EKG technician.
12. The multi-skill health technician (MST) program has three modules and a required externship.
13. Plaintiff, LORRAINE SAPP, informed Doug Lingo that she had a record of a physical or mental impairment that substantially limited one or more of her major life activities.
14. Plaintiff, LORRAINE SAPP, further mentioned to Doug Lingo that she was collecting a check from Social Security for disability.

15. Plaintiff, LORRAINE SAPP, further mentioned to Doug Lingo that she wished to get off Social Security disability and sought training so that she could become gainfully employed.
16. On May 30, 2014, Doug Lingo provided to Plaintiff a HARRIS SCHOOL OF BUSINESS document entitled NOTICE TO APPLICANTS AND STUDENTS: SECTION 504 OF THE REHABILITATION ACT (SEE 34 CFR 104.8) which he and Plaintiff signed on the same date.
17. On the same date, Doug Lingo provided to Plaintiff a PREMIER EDUCATION GROUP document entitled SECTION 504 MANUAL: IMPLEMENTING THE NONDISCRIMINATION PROVISIONS OF SECTION 504 OF THE RHABILITATION ACT FOR STUDENTS AND PROSPECTIVE STUDENTS WITH DISABILITIES IN SCHOOLS OPERATED BY THE PREMIER EDUCATION GROUP.
18. Doug Lingo was aware that Plaintiff had a record of a physical or mental impairment that substantially limited one or more of her major life activities.
19. By providing Plaintiff with the Sec. 504 Notice and the Sec. 504 manual, Doug Lingo acknowledged that he was aware that Plaintiff had a record of a physical or mental impairment that substantially limited one or more of her major life activities.
20. In addition, Plaintiff completed a HARRIS SCHOOL OF BUSINESS form entitled CONFIDENTIAL MEDICAL DATA FORM in which she informed Defendant, HARRIS SCHOOL OF BUSINESS STAFF 1-50, that she was currently under a doctor's care for a condition of which the school should be aware, namely depression.
21. Defendant, HARRIS SCHOOL OF BUSINESS STAFF 1-50, was aware, therefore, that Plaintiff continued under a doctor's care for depression, *only,* and that Plaintiff had a record of a physical or mental impairment that substantially limited one or more of her major life activities.
22. Defendant, HARRIS SCHOOL OF BUSINESS STAFF 1-50, could fairly infer from what it knew that the nature of Plaintiff's impairment for which she had a record of impairment was a mental impairment assessed as depression.
23. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, accepted Plaintiff for enrollment in its multi-skill health technician (MST) program.
24. On May 30, 2014, Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, enrolled Plaintiff in its multi-skill health technician (MST) day program with an expected graduation date of February 20, 2015 by way of a document entitled ENROLLMENT AGREEMENT executed by Plaintiff and Defendant's admissions representative that date.
25. In the enrollment agreement, Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, covenanted that it would comply with all its policies as outlined in the catalog and its official attachments.

26. In the 2013 Student Handbook distributed to Plaintiff, Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS stated that *Premier Education Group Schools are committed to the success (and has high expectations) of every matriculated student.  All faculty and staff are committed to the development of student's enhanced self-esteem, self-direction, personal values and ethics in relation to building a community of professionals with an interest in life-long learning.*
27. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS's financial aid office arranged with Plaintiff for an out of pocket tuition payment of approximately one thousand two hundred thirty dollars, which was to be paid by Plaintiff to Defendant over time.
28. The balance of Plaintiff's tuition of approximately ten thousand seven hundred additional dollars was paid by federal funds.
29. Plaintiff commenced her studies at HARRIS SCHOOL OF BUSINESS on or about July 7, 2014.
30. The first module was Anatomy and Physiology, Medical Law and Ethics, and Patient Care Tech taught by a teacher named Ms. Lillian.
31. Ms. Lillian had a health problem with her lungs.
32. Ms. Lillian started being absent during the module.
33. Ms. Lillian eventually took a leave of absence from the module for health reasons.
34. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, supplied a substitute teacher(s) to cover for Ms. Lillian's absence.
35. The substitute teachers supplied were not capable of competently teaching the course material.
36. As a direct and proximate result of the inadequacy of the substitute(s) supplied, Plaintiff was not properly trained in patient care.
37. The next module was a course in CPR training which was given through the American Red Cross by an instructor named Brian.
38. Plaintiff completed the course and passed it.
39. Plaintiff never received a certificate for passing the CPR course from Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS.
40. Plaintiff contacted the American Red Cross to inquire about a certificate for passing the CPR course.
41. The American Red Cross informed Plaintiff that her name could not be found in their system as having been trained in one of their courses.
42. The next module was Phlebotomy taught by a teacher named Ms. Karen.
43. It was Ms. Karen's practice to leave each student in the class on his or her own in lining up volunteers in the class to do live sticks for additional practice.
44. Plaintiff complained to Ms. Karen that she (Plaintiff) could not get enough volunteers from her class to get additional practice doing live sticks.

45. Ms. Karen did not assist Plaintiff at all in getting enough volunteers from the class to get additional practice doing live sticks.
46. As a direct and proximate result of the inadequacy of the number of volunteers Plaintiff was able to get, Plaintiff did not get as much practice doing live sticks as other members of the class.
47. At the conclusion of the Phlebotomy module, Plaintiff was offered the opportunity to take the test for certified phlebotomy technician offered through National Healthcareer Association (NHA) by Defendant, SHARMONE WOODS.
48. Plaintiff took the test for certified phlebotomy technician offered through NHA at the conclusion of the Phlebotomy module.
49. Plaintiff passed the test with a score of 424.
50. Plaintiff was issued a certificate for certified phlebotomy technician by NHA effective October 3, 2014.
51. The next module was Cardiac Rates and Rhythms which was training to be an EKG tech.
52. Plaintiff satisfactorily passed all her in-class courses she took at HARRIS SCHOOL OF BUSINESS without an academic adjustment.
53. Plaintiff earned 30.5 credits with a satisfactory 3.18 cumulative grade point average (GPA).
54. To graduate from the multi-skill health technician program, all students must complete a one hundred sixty hour externship.
55. Externships provide hands-on experience *utilizing the skills attained in the students' programs,* according to the 2013 Student Handbook distributed to Plaintiff.
56. Depending upon the program of study, students serve an average of three months *in their career field,* again according to the 2013 Student Handbook distributed to Plaintiff.
57. Externship placement is a cooperative effort between Defendant, HARRIS SCHOOL OF BUSINESS STAFF 1-50, and various off campus health facilities with whom Defendant, HARRIS SCHOOL OF BUSINESS STAFF 1-50, maintain individual relationships.
58. Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS maintains externship agreements with many of these off-campus externship sites.
59. Various of these off-campus externship sites have special requirements which could *delay externship placement.*
60. Defendant, HARRIS SCHOOL OF BUSINESS STAFF 1-50, carefully selects externship sites based on facility, learning opportunity, geographic location, site personnel and *availability.*
61. Defendants, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS, were on notice that externship placement could be delayed because of special requirements at the site and/or availability at the site.
62. The externship procedure is for externship assignments to be arranged after students have attended an externship meeting with the Career Services or Externship Director.

5

63. Defendant, LORI BILDER, had a meeting with Plaintiff to discuss her externship assignment prior to December 22, 2014.
64. Plaintiff informed Defendants, LORI BILDER and HARRIS SCHOOL OF BUSINESS STAFF 1-50 at the meeting that she wished to utilize her learned skills in phlebotomy and serve her externship in her chosen career field of phlebotomy.
65. There is nothing about any such meeting in the student activity log regarding Plaintiff kept by Defendants, LORI BILDER and HARRIS SCHOOL OF BUSINESS STAFF 1-50.
66. Labcorp was an externship site utilized by Defendant where students could utilize their skills learned in phlebotomy and work towards a career in the field of phlebotomy.
67. In December 2014, Defendants, LORI BILDER and HARRIS SCHOOL OF BUSINESS STAFF 1-50, arranged for Plaintiff to serve her externship at Labcorp.
68. At a December 22, 2014 meeting, Defendants, LORI BILDER and HARRIS SCHOOL OF BUSINESS STAFF 1-50 informed Plaintiff that she needed to come in for phlebotomy skills sharpening, needed to respond better to negative people and/or negative situations, needed to be more hygienic, and would not be going to Labcorp.
69. On January 12, 2015, Plaintiff came in for her required phlebotomy skills training.
70. Plaintiff's phlebotomy skills evaluation was performed by Vivian Tarboro.
71. Plaintiff passed her phlebotomy skills evaluation on January 12, 2015.
72. As of January 12, 2015, Defendants, LORI BILDER and HARRIS SCHOOL OF BUSINESS STAFF 1-50, were no longer able to place Plaintiff at Labcorp to serve her externship.
73. As of January 12, 2015, the last externship opening at Labcorp had been filled by a different HARRIS SCHOOL OF BUSINESS student.
74. The reason Defendants, LORI BILDER and HARRIS SCHOOL OF BUSINESS STAFF 1-50, were no longer able to place Plaintiff at Labcorp as of January 12, 2015 was that no additional openings for a HARRIS SCHOOL OF BUSINESS student to serve an externship at Labcorp were *available.*
75. Even though Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS were on notice that externship placement could be delayed because of special requirements at the site and/or availability at the site, Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS, failed to have a policy in place which would enable them to act in a manner consistent with Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS's commitment to the success of every matriculated student and commitment to the development of each student's enhanced self-esteem, self-direction, personal values and ethics in relation to building a community of professionals with an interest in life-long learning.
76. Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS, next placed Plaintiff in an externship assignment on January 12, 2015, to begin on January 13, 2015.

77. Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS, next placed Plaintiff in an externship assignment that would not serve to utilize her skills learned as a phlebotomist and would not serve to advance her chosen career of phlebotomy.
78. Due to the lack of a policy in place which would enable them to act in a manner consistent with their commitment, on January 12, 2015 Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50, and SHARMONE WOODS failed to act in a manner consistent with the commitment to the success of every matriculated student and commitment to the development of each student's enhanced self-esteem, self-direction, personal values and ethics in relation to building a community of professionals with an interest in life-long learning.
79. Plaintiff was not agreeable to her externship placement on January 12, 2015.
80. Plaintiff expressed her displeasure with her externship placement on January 12, 2015 to Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS.
81. Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS, failed to consider other available options which were reasonable in light of the unavailability of a placement at Labcorp.
82. On January 12, 2015, Plaintiff was an otherwise qualified student for placement at Labcorp for her externship assignment.
83. Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS, were committed to ensure that otherwise qualified students with disabilities were not counseled toward more restrictive career objectives than were nondisabled students with similar interests and abilities, according to the 2013 Student Handbook provided to Plaintiff.
84. By placing Plaintiff in an externship assignment that would not serve to utilize her skills learned as a phlebotomist and would not serve to advance her chosen career of phlebotomy on January 12, 2015, Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50 and SHARMONE WOODS, were counseling Plaintiff toward a more restrictive career objective than was offered to nondisabled students with similar interests and abilities.
85. Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, has a policy of providing academic and/or nonacademic adjustments to otherwise qualified students with disabilities.
86. Academic adjustments include *making modifications to the academic requirements of its policies and practices ("academic modifications") to ensure that the requirements of such policies and procedures do not have the effect of discriminating against a qualified individual with a disability on the basis of such disability,* unless to do so could fundamentally alter the nature of the educational program and services being offered.

87. *Academic modifications may include changes in the length of time permitted for the completion of degree requirements.*
88. Academic adjustment requests may be verbal, according to the 2013 Student Handbook distributed to Plaintiff.
89. It is the policy of Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, that requests for academic adjustments will be promptly reviewed by the Director of Education, and that the Director of Education or her designee will promptly meet with the student to discuss academic adjustments by *engaging in an interactive process concerning the student's disability and related needs.*
90. The policy of Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, requires that decisions regarding fundamental alteration and essential requirements for a course require *a careful, thoughtful, and rational review of the academic program and its requirements; and that the decision makers consider a series of alternatives for the essential requirements, as well as whether the essential requirement in question can be modified for a specific student with a disability.*
91. By placing Plaintiff in an externship assignment that would not serve to utilize her skills learned as a phlebotomist and would not serve to advance her chosen field of phlebotomy on January 12, 2015, Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50, and SHARMONE WOODS failed to consider a series of alternatives for the essential requirement of an externship, whether the essential requirement in question of an externship could be modified by extending the time allowed for completion, and failed to engage in the interactive process.
92. By failing to consider a series of alternatives for the essential requirement of an externship, whether the essential requirements in question of an externship could be modified by extending the time allowed for completion, and by failing to engage in the interactive process, Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50, and SHARMONE WOODS purposefully denied Plaintiff an equal opportunity for placement at a site which would serve to enhance her skills as a phlebotomist based on a perception of her as being a disabled individual.
93. Alternatively, by failing to consider a series of alternatives for the essential requirement of an externship, whether the essential requirements in question of an externship could be modified by extending the time allowed for completion, and by failing to engage in the interactive process, Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50, and SHARMONE WOODS acted in a manner which had the effect of denying Plaintiff an equal opportunity for placement at a site which would serve to enhance her skills as a phlebotomist, even if not done purposefully, resulting in a disparate impact upon a disabled individual.

94. The reasonable alternative available to Defendants, LORI BILDER, HARRIS SCHOOL OF BUSINESS STAFF 1-50, and SHARMONE WOODS was to offer Plaintiff a free refresher course in phlebotomy in the spring semester and priority placement for her externship at Labcorp in the spring of 2015.
95. Plaintiff attended her externship assignment on January 13, 2015.
96. Her externship assignment did not go favorably for Plaintiff.
97. Plaintiff failed to complete the required one hundred sixty hours of externship.
98. Plaintiff was dismissed from HARRIS SCHOOL OF BUSINESS on March 17, 2015 for failure to complete the one hundred sixty hour externship requirement.

INJURIES

99. As a direct and proximate result of the acts of Defendants, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50, Plaintiff, LORRAINE SAPP, has suffered dismissal from the institution, emotional distress, mental anguish, humiliation, inconvenience, disruption in her education, frustration, and loss of self-esteem.

COUNT I

100. The acts of Defendants, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50 violated Plaintiff, LORRAINE SAPP's rights under the laws of the United States, particularly her rights under Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794.

COUNT II

101. The acts of Defendants, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50 violated Plaintiff, LORRAINE SAPP's rights under the laws of the United States, particularly her rights under Title III of the Americans with Disabilities Act, 42 U.S.C. Sec. 12,181 et seq.

## COUNT III

102. Plaintiff, LORRAINE SAPP, brings suit under 42 U.S.C. Sec. 1983.
103. Defendants, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50 were state actors.
104. The acts of Defendants, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50 violated Plaintiff, LORRAINE SAPP's rights under the Constitution of the United States, particularly her right to equal protection under the Fourteenth Amendment to the Constitution of the United States.

## COUNT IV

105. The acts of Defendants, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50 violated Plaintiff, LORRAINE SAPP's rights under the Constitution of the United States, particularly her right to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

## COUNT V

106. The acts of Defendants, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50, violated Plaintiff, LORRAINE SAPP's rights under the laws of New Jersey, particularly her rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4 and N.J.S.A. 10: 5-12f.(1).

## COUNT VI

107. Plaintiff, LORRAINE SAPP, brings suit under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c).
108. The acts of Defendants, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50, violated Plaintiff, LORRAINE SAPP's rights under the Constitution of New Jersey, particularly her right to equal protection under Article I Paragraph I.

## COUNT VII

109. The acts of Defendants, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50, violated Plaintiff, LORRAINE SAPP's rights under the Constitution of New Jersey, particularly her right to substantive due process under Article I Paragraph I.

## COUNT VIII

110. Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, was in breach of its contract with Plaintiff, LORRAINE SAPP.

## COUNT IX

111. The acts of Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, were consumer fraud in violation of the laws of New Jersey, particularly the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.
112. Plaintiff, LORRAINE SAPP, has suffered an ascertainable loss.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, LORRAINE SAPP, requests judgment against Defendants, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, LORI BILDER, SHARMONE WOODS, and HARRIS SCHOOL OF BUSINESS STAFF 1-50 for compensatory damages, equitable relief, a declaration that Defendant, PREMIER EDUCATION GROUP d/b/a HARRIES SCHOOL OF BUSINESS was in breach of its contract with her, a declaration that she does not owe Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS $964.00, punitive damages, treble damages under the New Jersey Consumer Fraud Act, reasonable attorney's fees, and costs of suit.

## JURY DEMAND

Plaintiff, LORRAINE SAPP, requests a trial by jury of all issues which are triable by a jury.

                                              Respectfully submitted,

                                              _s/ Peter Kober_____

                                              Peter Kober
                                              Kober Law Firm, LLC

Dated: December 11, 2015