Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1876 Greentree Rd
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiff, Lorraine Sapp

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORRAINE SAPP, | |
| Plaintiff | |
| | Civil Action No. <u>15-cv-08591 RMB/AMD</u> |
| v. | **SECOND AMENDED COMPLAINT** |
| PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, | |
| | Jury trial [x] yes [ ] no |
| Defendants | |

PARTIES

1. Plaintiff, LORRAINE SAPP, resides at 2312 Auburn Avenue, in the Township of Waterford (Atco), Camden County, New Jersey 08004.
2. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, is an educational institution with a facility location at 401 White Horse Road, in the Township of Voorhees, Camden County, New Jersey 08043, and a principal location at 100 South Shore Drive, Suite 125, East Haven, Connecticut 06512.

## JURISDICTION

3. The basis for jurisdiction in this case is FEDERAL QUESTION, under 28 U.S.C. Sec. 1331, since the case involves an issue under federal law.

## STATEMENT OF THE CASE

4. Plaintiff, LORRAINE SAPP, single, is a female individual of age forty-four.
5. Plaintiff, LORRAINE SAPP, first met with Doug Lingo, an admissions officer for Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, at the facility located at 401 White Horse Road, in the Township of Voorhees, Camden County, New Jersey 08043, in May 2014.
6. Plaintiff, LORRAINE SAPP, informed the admissions office for Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, that she elected to enroll in the multi-skill health technician (MST) program.
7. The multi-skill health technician (MST) program enables its enrollees to be trained for employment as either a nurse's aide, phlebotomist, or EKG technician.
8. The multi-skill health technician (MST) program has three modules and a required externship.

9. Plaintiff, LORRAINE SAPP, mentioned to Doug Lingo that she wished to get off Social Security disability and sought training so that she could become gainfully employed.
10. On May 30, 2014, Plaintiff completed a HARRIS SCHOOL OF BUSINESS form entitled CONFIDENTIAL MEDICAL DATA FORM in which she informed Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, that she was currently under a doctor's care fora condition of which the school should be aware, namely depression.
11. On May 30, 2014, Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, accepted Plaintiff for enrollment in its multi-skill health technician (MST) day program with an expected graduation date of February 20, 2015.

12. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS's financial aid office arranged with Plaintiff for an out of pocket tuition payment of approximately one thousand two hundred thirty dollars, which was to be paid by Plaintiff to Defendant over time.
13. The balance of Plaintiff's tuition of approximately ten thousand seven hundred additional dollars was paid by federal funds.
14. Plaintiff commenced her studies at HARRIS SCHOOL OF BUSINESS on or about July 7, 2014.
15. Plaintiff took and passed without an academic adjustment the Phlebotomy module taught by a teacher named Ms. Karen.

16. At the conclusion of the Phlebotomy module, Plaintiff was offered the opportunity to take the test for certified phlebotomy technician offered through National Healthcareer Association (NHA) by Defendant.
17. Plaintiff took the test for certified phlebotomy technician offered through NHA at the conclusion of the Phlebotomy module.
18. Plaintiff passed the test with a score of 424.
19. Plaintiff was issued a certificate for certified phlebotomy technician by NHA effective October 3, 2014.
20. Plaintiff satisfactorily passed all her in-class courses she took at HARRIS SCHOOL OF BUSINESS without an academic adjustment.
21. Plaintiff earned 30.5 credits with a satisfactory 3.18 cumulative grade point average (GPA).
22. To graduate from the multi-skill health technician program, all students must complete a one hundred sixty hour externship.
23. Externships provide hands-on experience *utilizing the skills attained in the students' programs,* according to the 2013 Student Handbook distributed to Plaintiff.
24. Depending upon the program of study, students serve an average of three months *in their career field,* again according to the 2013 Student Handbook distributed to Plaintiff.
25. Externship placement is a cooperative effort between Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, and various off campus health facilities with whom Defendant, HARRIS SCHOOL OF BUSINESS, maintains individual relationships.
26. Various of these off-campus externship sites have special requirements which could *delay externship placement.*
27. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, carefully selects externship sites based on facility, learning opportunity, geographic location, site personnel and *availability.*
28. The externship procedure is for externship assignments to be arranged after students have attended an externship meeting with the Career Services or Externship Director.

29. An employee of Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, had a meeting with Plaintiff to discuss her externship assignment prior to December 22, 2014.
30. Plaintiff informed Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS at the meeting that she wished to utilize her learned skills in phlebotomy and serve her externship in her chosen career field of phlebotomy.
31. Labcorp was an externship site utilized by Defendant where students could utilize their skills learned in phlebotomy and work towards a career in the field of phlebotomy.
32. In December 2014, Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, arranged for Plaintiff to serve her externship at Labcorp.
33. At a December 22, 2014 meeting, Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, informed Plaintiff that she needed to come in for phlebotomy skills sharpening, needed to respond better to negative people and/or negative situations, needed to be more hygienic, and would not be going to Labcorp.
34. On January 12, 2015, Plaintiff came in for her required phlebotomy skills training.
35. Plaintiff's phlebotomy skills evaluation was performed by Vivian Tarboro.
36. Plaintiff passed her phlebotomy skills evaluation on January 12, 2015.
37. As of January 12, 2015, Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, was no longer able to place Plaintiff at Labcorp to serve her externship.
38. As of January 12, 2015, the last externship opening at Labcorp had been filled by a different HARRIS SCHOOL OF BUSINESS student.
39. The reason Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, was no longer able to place Plaintiff at Labcorp as of January 12, 2015 was that no additional openings for a HARRIS SCHOOL OF BUSINESS student to serve an externship at Labcorp were *available.*
40. Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, next placed Plaintiff in an externship assignment on January 12, 2015, to begin on January 13, 2015.

41. Defendant, PREMIER EDUCATION GROUP d/b/a HARRIS SCHOOL OF BUSINESS, next placed Plaintiff in an externship assignment that would not serve to utilize her skills learned as a phlebotomist and would not serve to advance her chosen career of phlebotomy.
42. Plaintiff's placement in an externship assignment on January 12, 2015, to begin on January 13, 2015, was an adverse administrative action by Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS.
43. Plaintiff's placement in an externship assignment on January 12, 2015, to begin on January 13, 2015, was based on a perception of her as being a disabled individual by Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS.
44. Contrary to Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS's assessment, Plaintiff was an otherwise qualified individual to do her externship at Labcorp in her chosen field of phlebotomy.
45. Plaintiff was not agreeable to her externship placement on January 12, 2015.
46. Plaintiff expressed her displeasure with her externship placement on January 12, 2015 to Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS.
47. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, failed to consider other available options which were reasonable in light of the unavailability of a placement at Labcorp.
48. Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, has a policy of providing academic and/or nonacademic adjustments to otherwise qualified students with disabilities.
49. Academic adjustments include *making modifications to the academic requirements of its policies and practices ("academic modifications") to ensure that the requirements of such policies and procedures do not have the effect of discriminating against a qualified individual with a disability on the basis of such disability,* unless to do so could fundamentally alter the nature of the educational program and services being offered.

50. *Academic modifications may include changes in the length of time permitted for the completion of degree requirements.*
51. Academic adjustment requests may be verbal, according to the 2013 Student Handbook distributed to Plaintiff.
52. It is the policy of Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, that requests for academic adjustments will be promptly reviewed by the Director of Education, and that the Director of Education or her designee will promptly meet with the student to discuss academic adjustments by *engaging in an interactive process concerning the student's disability and related needs.*
53. The policy of Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, requires that decisions regarding fundamental alteration and essential requirements for a course require *a careful, thoughtful, and rational review of the academic program and its requirements; and that the decision makers consider a series of alternatives for the essential requirements, as well as whether the essential requirement in question can be modified for a specific student with a disability.*
54. By failing to consider an academic adjustment, whether the essential requirements in question of an externship could be modified by extending the time allowed for completion, and by failing to engage in the interactive process, Defendants, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, purposefully denied Plaintiff an equal opportunity for placement at a site which would serve to enhance her skills as a phlebotomist based on a perception of her as being a disabled individual.

55. The reasonable alternative available to Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, was to offer Plaintiff a free refresher course in phlebotomy in the spring semester and priority placement for her externship at Labcorp in the spring of 2015.
56. Plaintiff attended her externship assignment on January 13, 2015.
57. Her externship assignment did not go favorably for Plaintiff.
58. Plaintiff failed to complete the required one hundred sixty hours of externship.
59. Plaintiff was dismissed from HARRIS SCHOOL OF BUSINESS on March 17, 2015 for failure to complete the one hundred sixty hour externship requirement.

## INJURIES

60. As a direct and proximate result of the acts of Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, Plaintiff, LORRAINE SAPP, has suffered dismissal from the institution, emotional distress, mental anguish, humiliation, inconvenience, disruption in her education, frustration, and loss of self-esteem.

## COUNT I

61. The acts of Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, violated Plaintiff, LORRAINE SAPP's rights under the laws of the United States, particularly her rights under Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794.

## COUNT II

62. The acts of Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, violated Plaintiff, LORRAINE SAPP's rights under the laws of the United States, particularly her rights under Title III of the Americans with Disabilities Act, 42 U.S.C. Sec. 12,181 et seq.

COUNT III

63. The acts of Defendants, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, violated Plaintiff, LORRAINE SAPP's rights under the laws of New Jersey, particularly her rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4 and N.J.S.A. 10:5-12f.(1).

## RELIEF SOUGHT

WHEREFORE, Plaintiff, LORRAINE SAPP, requests judgment against Defendant, PREMIER EDUCATION GROUP, LP d/b/a HARRIS SCHOOL OF BUSINESS, for compensatory damages, a declaration that she does not owe Defendant $964, punitive damages, reasonable attorney's fees, and costs of suit.

## JURY DEMAND

Plaintiff, LORRAINE SAPP, requests a trial by jury of all issues which are triable by a jury.

Respectfully submitted,

   s/ Peter Kober   
Peter Kober, Esq.
Kober Law Firm, LLC

DATED:  February 1, 2017

12